IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WESLEY COLLIER : CIVIL ACTION
:
:
v. :
:
:
CATHERINE C. McVEY : NO. 11-1547

ORDER

AND NOW, this 7th day of July, 2011, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the petitioner's Motion for Appointment of Counsel (Docket No. 4), and the respondents' Response, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport and the petitioner's Objections thereto, IT IS HEREBY ORDERED that:

1. The petitioner's objections are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The Petition for Writ of Habeas Corpus is DENIED.

4. There is no basis for the issuance of a certificate of appealability.

5. The Motion for Appointment of Counsel is DENIED.

The Report and Recommendation concludes that the Petition for Writ of Habeas Corpus is time-barred under the

AEDPA's one-year statute of limitations. The Court agrees with the Report's conclusion that this petition is time-barred. The Court has reviewed the petitioner's objections and none provides a basis to toll the statute of limitations.

The petitioner asserts in his Objections to the Report and Recommendation that the statute of limitations should be tolled because (1) the court-appointed attorneys who represented him in state court both on direct appeal and in post-conviction proceedings never informed him of his right to file a federal habeas petition or of the applicable deadline for doing so, which provides a basis for statutory tolling under 28 U.S.C. § 2244(d)(1)(B), and (2) both the failure of his court-appointed attorneys to advise him of the deadline for filing a habeas petition and certain "physical and mental limitations" precluded him from filing a timely habeas petition, entitling him to equitable tolling.[1]

First, § 2244(d)(1)(B) extends the date on which the one-year deadline begins to run until the date on which "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] The petitioner's remaining objections are aimed at footnote 2 of the Report and Recommendation, which simply quotes from the Superior Court's July 26, 2004 opinion. The petitioner's objections to the substance of that opinion are not relevant to this Court's analysis of whether the habeas petition should be denied, so the Court will not address them here.

removed, if the applicant was prevented from filing by such State action." The petitioner has neither identified a constitutional or statutory violation by the state, nor described any way in which the state has created any obstacle to his filing a petition for federal habeas relief. To the degree the petitioner suggests that the state denied him counsel to inform him of the habeas filing deadlines, this argument is without merit because there is no constitutional or federal right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Section 2244(d)(1)(B) does not apply here to delay the start date under the AEDPA.

Second, a petitioner is entitled to equitable tolling of the one-year limitation period only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). This principle should be applied to toll the statute of limitations "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004) (quoting Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)). The United States Court of Appeals for the Third Circuit has held that equitable tolling is permitted where either: (1) the defendant or the court actively misled the plaintiff; (2) the plaintiff has in

some extraordinary way been prevented from asserting his rights; or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum. Id.

The petitioner's allegations that his court-appointed attorneys failed to advise him of the applicable statute of limitations for filing a federal habeas petition, even if true, would not amount to "extraordinary circumstances" warranting equitable tolling. The petitioner has not argued that he was actively misled or that he mistakenly asserted his rights in the wrong forum. The fact that his attorneys at the state level did not inform him of the deadline for filing a federal habeas petition does not mean that the petitioner was prevented, let alone in some "extraordinary way," from asserting his rights. Furthermore, ordinary attorney error is not a sufficient basis for tolling the one-year period of limitation. Schlueter, 384 F.3d at 76. The petitioner's own mistaken belief that he was within the one-year deadline is also not a ground for equitable tolling. See Jones, 195 F.3d at 160.

The petitioner's assertion that he suffers from "severe and chronic physical and mental limitations" that restrict his ability to "focus, read and comprehend," and which would therefore have made it impossible to file his petition within the one-year deadline, is also not a sufficient basis for equitable tolling. First, apart from the petitioner's citation to an email

4

in which the petitioner states that he is "laden with significant and serious health problems," the Court is not aware of any evidence in the record that the petitioner suffers from such a serious physical or mental defect as to impair his ability to file a timely habeas petition.  Second, the record belies the petitioner's contention.  The petitioner was able to file both a timely PCRA petition and an appeal of the dismissal of his PCRA petition.  The petitioner's vague contentions that he has difficulty focusing and comprehending simply do not rise to the level of "extraordinary" circumstances that would justify tolling the statute of limitations.  Equitable tolling on the basis of a petitioner's mental or physical condition is generally limited to exceptional circumstances where the condition renders the petitioner incapable of pursuing his legal rights during the period of limitation.  See Rhodes v. Senkowski 82 F.Supp.2d 160, 170 (S.D.N.Y. 2000) (collecting cases).  The Court finds that the petitioner has failed to meet his burden on this issue because he has not presented any evidence to show that he was unable to pursue his legal rights throughout the entire one-year period due to his physical and mental problems.

Accordingly, the Court approves and adopts the Report and Recommendation.  The Petition for Writ of Habeas Corpus is denied.  Because the Court agrees with the recommendation of the Magistrate Judge, it will also deny the petitioner's motion for

appointment of counsel.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.